UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RHONDA FLEMING

V. NO. 4-16 CV 1042-Y

UNITED STATES OF AMERICA




MOTION TO VACATE

TO THE HONORABLE COURT:

The Petitioner files this Motion to Vacate pursuant to 28 U.S.C. § 2241 & 2255(e). The Petitioner moves the Court to grant her release pending the resolution of the proceedings and to vacate all convictions. Sua sponte, the Court may consider requesting the Government dismisses the indictment in its entirety. In support of this Motion, the Petitioner presents the following:

CASE BACKGROUND

The Petitioner was found guilty after a jury trial on a multi-count indictment related to health care fraud. The Fifth Circuit affirmed the convictions in United States v. Arthur, 432 Fed. Appx. 414 (5th Cir. 2011). The Petitioner filed a timely § 2255 Motion to Vacate which was denied by the court on April 7, 2014.

However, during this proceeding, it was revealed that the lead prosecutor, AUSA Albert A. Balboni, has had long and short term memory loss from December 2005 to the present. Exhibit-A, Balboni Declaration.

After the court denied the Petitioner's Motion to Amend her § 2255 to raise a claim of prosecutorial misconduct regarding the denial of Medicare records which the prosecutor had sworn he provided, but did not, the Petitioner filed a Freedom of Information Act request for authentic Medicare billing and payment records.

Medicare, the only victim in the criminal case, and the Executive Office of U.S. Attorneys refused to provide the Medicare records. The Petitioner filed a civil complaint, Fleming v. Medicare Freedom of Information Group, et al., No. 15-1135, which became the catalyst for the production of the authentic billing and payment records.

The Director of the Medicare Freedom of Information Group, Jay Olin, provided the attached letter, Exhibit-B, and over 650 pages of billing and payment records, in response to the FOIA request, Exhibit-C, Petitioner's FOIA Request.

The FOIA civil complaint remains pending because it is the Petitioner's belief that there was a conspiracy to deny the Petitioner access to the court by the Defendants in the civil case, through the denial of the Medicare records which have proven the Petitioner's innocence--factually.

Medicare and the U.S. Attorney's Office in the Southern District of Texas had no intention to provide authentic Medicare billing and payment records until a lawsuit was filed.

The Court may also note, that the Petitioner is serving a 360 month sentence for filing fraudulent claims under the provider numbers of two companies, Hi-Tech and First Advantage. Director Olin clearly states in his letter, that Medicare has no billing or payment records for Hi-Tech Medical Supply. Medicare could not even supply the Petitioner with a Tax Form 1099 for Hi-Tech, yet the Petitioner is serving a lengthy sentence and owes over $6.2 million in restitution.

The civil case in the District of Columbia revealed another false statement in AUSA Balboni's Declaration. His declaration stated that he checked his electronic files in 2014 and did not find a plea offer. The Court may remember that AUSA Balboni filed a falsely sworn affidavit about not making a plea offer, Exhibit-D, Balboni Affidavit.

In the District of Columbia case, AUSA Balboni has acknowledged and provided a copy of the plea offer/agreement from his electronic files.

Whether by good or bad faith, AUSA Balboni failed to comply with discovery pre-trial and filed two falsely sworn documents in the first habeas proceeding. For these reason, the Petitioner respectfully moves the Court to grant relief on the following claims:

NEW CLAIMS FOR RELIEF
PURSUANT TO 28 U.S.C. § 2241

A. Pretrial, the Petitioner was denied access to untainted assets to retain counsel of choice in violation of the Sixth Amendment.

Preindictment, the Government seized approximately $2 million from the Petitioner. After the Petitioner was indicted, she filed a motion requesting the return of any untainted assets to retain counsel, in January 2009. The motion was denied without a hearing. EX, D-1.

On March 30, 2016, in Luis v. United States, No. 14-419 (U.S. 2016), The Supreme Court held that the pretrial restraint of untainted assets violates a defendant's right to counsel of choice under the Sixth Amendment of the U.S. Constitution.

The Supreme Court's decision in Luis is a "new rule" and is retroactive for collateral review, as interpreted in Teague v. Lane, 489 U.S. 288, 300-01, 109 S.Ct. 1060 (1989).

In accordance with § 2255(f)(3), Luis announced a substantive, constitutional, new rule, breaking new ground and imposing new obligations on the Government. The burden is on the Government, pretrial, to prove all assets are tainted, before a defendant is denied access to the assets to retain counsel of choice. This is a new rule where the result was "...not dictated by precedent existing at the time the defendant's conviction became final." Figuero-Sanchez v. United States, 678 F.3d 1203, 1207 (11th Cir. 2012).

For the reasons stated above, the Petitioner moves the Court to grant an evidentiary where the Government must prove all seized assets are tainted or concede that the Petitioner should have access to the untainted funds and be given a new trial.

B. The Petitioner is actually innocent of all charges where the lead prosecutor withheld evidence which proved her innocence in violation of the Petitioner's Fifth Amendment Due Process rights.

Throughout all proceedings in this case, the Petitioner has been steadfast in her position that AUSA Albert A. Balboni, lead counsel in this case, failed to provide her with authentic Medicare billing and payment records, in violation of discovery rules.

In Fleming v. Medicare Freedom of Information Group, et. al, No. 15-1135-EGS-AK, the Petitioner successfully sued the alleged victim, Medicare, for the billing and payment records

of Hi-Tech and First Advantage Nursing (FAN). These records prove the allegations made by AUSA Balboni to obtain an indictment and conviction are false.

The Petitioner received records for FAN only from Director Jay Olin, of the Medicare Freedom of Information Group. Director Olin sent a letter of explanation and approximately 650 pages of billing and payment records. Tax Forms 1099 were also provided.

The Director's letter and the Medicare records prove irrefutably that the Petitioner is actually and factually innocent of the charges. Medicare and its contractors do not have any records to substantiate:

1. $36.5 million in claims were filed as alleged in the indictment;

2. $6.5 million in payments were not made to Hi-Tech and FAN;

3. Medicare has no records of any billing submitted by Hi-Tech, no payments to Hi-Tech, and no Tax Form 1099's for 2003, 2004, or 2005;

4. Medicare has no matching records for wire payments/transfers as alleged in the indictment, Counts 37-46, the Director explicitly states this fact, and the actual records support the Director's statement; and,

5. Many of the claims allegedly filed in Counts 2-36, for FAN, are not reflected in the billing and payment records.

If the Petitioner had been provided these records and the Petitioner had been allowed to call a Medicare representative to testify, the indictment would have been dismissed. The Petitioner is simply not guilty of these charges because the events did not occur.

In accordance with § 2255(f)(4), within one year of obtaining evidence of her innocence, the Petitioner has filed her claim. Medicare provided the records on August 6, 2015.

For the reasons stated above, the Petitioner moves the Court an evidentiary hearing, unless the Government is unopposed to the Court granting relief on this claim.

C. The present restitution order is a sentence which exceeds the statutory maximum and is an illegal sentence.

The Petitioner was sentenced to pay over $6.2 million in restitution. The Petitioner through suing the Government for the actual Medicare records can now prove that the restitution sentence is illegal and in excess of the statutory maximum under the Mandatory Victim's Restitution Act ("MVRA").

The Government has never submitted authentic Medicare payment records before requesting over $6.2 million in restitution. As stated in Exhibit-C, by Director Olin, Medicare has no records of claims filed or payments made to Hi-Tech Medical Supply. It would be a complete miscarriage of justice for the Petitioner to be forced to continue to pay restitution of which the victim, Medicare says they have no records to substantiate the ordered restitution.

Of the records provided by Medicare, Exhibit-E, page two of the Indictment and actual payment records of Medicare, show that of the five coded products alleged to have been fraudulently billed, Medicare was able to provide less than one million in actual payments.

The inflating of restitution by the Government and ignoring payment records of Medicare was recognized in United States v. Sharma, 703 F.3d 318, 324 (5th Cir. 2012), where the court stated, "...recommendations of restitution ....exceeded the evidence of their actual losses under the MVRA." The Sharmas, like the Petitioner, presented rebuttal evidence proving the PSR "...overstated the loss by $5,647, 344.61." Id. In this present case, the loss is overstated by over $5 million and the Government can present no records that support the $6.2 million in restitution as awarded by the Court.

The Petitioner moves the Court for an evidentiary hearing to present additional records from Medicare obtained through the FOIA case, which prove irrefutably that the Petitioner did not receive $6.2 million in payments from Medicare for the products listed in the indictment. The restitution sentence is illegal because it exceeds the statutory maximum and is violating the fair execution of the Petitioner's sentence where she is continuing to pay money she does not owe. United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000).

D. The Petitioner is actually innocent of the sentencing enhancement that the Petitioner intended to obtain over $36.5 million by filing of this amount of claims.

The Petitioner did not through her employees submit over $36.5 million in claims. Director Olin provided less than $4 million in claims filed records. Of these records, less then $1 million were for the products the Government alleged were fraudulently billed.

As aforementioned, the lead prosecutor had memory loss during the investigation and prosecution of the case. It is a miscarriage of justice, a fundamental defect in the proceedings for a defendant to be held liable for conduct of which the actual financial records prove are untrue.

To state again, Medicare, the only alleged victim through Director Olin, has stated they have no records of any claims filed by Hi-Tech Medical Supply. Please see Exhibit-B. They have no records of the wire payment transfers as stated in the indictment. And, less than one million was actually paid to the Petitioner's company.

The Petitioner is serving a 360 month sentence that even if she had been found guilty, is morally and factually with support of any records. The alleged victim's own financial records support this fact.

The Petitioner moves the Court for a hearing and testimony from a Medicare representative to prove that the intended loss is factually incorrect.

PRAYER FOR RELIEF

The Petitioner prays for the Court to grant the following relief:

1. Grant a release hearing, or release if the Government is unopposed, along with $7500 for living expenses from the untainted assets held by the Government;

2. Appoint counsel to represent the Petitioner or allow the Petitioner access to the untainted assets to hire counsel of her choice;

3. Grant a evidentiary hearing as soon as is practicable on the two claims after a reasonable time for the Government to file a response;

4. Vacate all convictions and dismiss the indictment;

5. Return all seized assets, garnished assets, and monies taken from the Petitioner's inmate trust fund; and

6. Enter a Declaratory Judgment that the Petitioner is innocent of all charges brought against her in the indictment; and,

7. Any other relief the Court deems appropriate.

DECLARATION PURSUANT TO 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on the date as signed below.

Respectfully Submitted,

[signature]

Rhonda Fleming, Petitioner/Declarant

11-7-2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Respondent/Plaintiff, | § | |
| v. | § | CRIM. ACTION NO. H-07-513 (CIVIL ACTION NO. H-12-2799) |
| RHONDA FLEMING, Movant/Defendant | § | |

DECLARATION PURSUANT TO 28 U.S.C. §1746

My name is Albert A. Balboni and I am an Assistant United States Attorney. I was the lead prosecutor in Criminal Action H-07-513. I was the only prosecutor working on the case pre-indictment. On January 29, 2014 I swore out an affidavit stating that "[d]uring that time, I did not make a plea offer regarding Ms. Fleming to either Jennifer Ahlen or Michael DeGeurin." When I made that statement I believed it to be true.

I had no present memory of making a plea offer pre-indictment in 2006 regarding the defendant. In an effort to confirm my memory, I checked the electronic files still available to me in 2014. I found nothing there which was inconsistent with my memory that no plea offer had been made.

EX-A



Be that as it may, my letter of July 14, 2006 to Michael DeGuerin clearly contains an offer to resolve the case against the defendant through a plea agreement. Even after seeing the letter, I have no memory of writing it. In my defense, I suffered a traumatic brain injury on December 3, 2005 which has affected both my long and short term memory.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2014

Albert A. Balboni



EX-A

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850




Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group
Refer to: Control Number 060520147039 and PIN 2353

July 31, 2015

Rhonda Fleming
Reg. No 20446-009
FCI-Waseca
PO Box 1731
Waseca, MN 56093

Dear Ms. Fleming,

This letter is in response to your Freedom of Information Act (5 U.S.C. §552) request of 5/29/2014, which you sent to the Centers for Medicare & Medicaid Services. On November 7, 2014, you amended your request with additional search terms. Specifically, you requested access to the following records:

1. Medicare payments dated 12/2003 – 1/2005 to Hi-Tech Medical Supply and First Advantage Nursing for these HCPCS Codes:
   a. E0221;
   b. A4639;
   c. E0277;
   d. L0464;
   e. L7900;
2. Claims submitted and processed for above HCPCS Codes with the same dates and companies;
3. Records for 5 wired payments in 2004 to Hi-Tech Medical Supply;
4. Records for 5 wired payments in 2004 to First Advance Nursing;
5. Tax Form 1099 for years 2003, 2004, and 2005 for Hi-Tech Medical Supply and First Advantage Nursing.

We were unable to locate any records pertaining to Hi-Tech Medical Supply. Furthermore, no claims for HCPCS code E0277 were located. Documents for the remaining HCPCS codes are provided to you. We have redacted columns identifying beneficiary names and other identifying information pursuant to Exemption 6 of the FOIA (5 U.S.C. §552(b)(6)). This satisfies Item #'s 1 and 2 of your request.






Exemption 6 of the FOIA permits a Federal agency to withhold information contained in personnel and medical files and similar files the disclosure of which would "constitute a clearly unwarranted invasion of personal privacy." I have weighed the public interest in disclosure (which the Supreme Court has held to be limited in this context to the public interest that would be served by shedding light in the agency's performance of its statutory duties) against the harm to the privacy of the individuals identified in these records and have concluded that the privacy interest of the subject individuals outweighs the public interest in disclosure in this particular matter.

Our contractor, CGS, checked the wired amounts identified in your request with its records. No matching records were identified for the check dates you provided. Therefore, no responsive records for items #3 and #4 of your request were located.

Palmetto GBA located Tax Form 1099 for First Advantage Nursing for the years 2004 and 2005. No Tax Form 1099 was issued for the year 2003. This fulfills Item # 5 of your request.

Finally, I am providing you a 1 page report for provider number 4367780002 listing the total number of claims and the total provided amount for the dates 12/1/2003 – 1/31/2005.

This concludes the processing of your request.

If you disagree with the decision to withhold the documents determined to be exempt from disclosure, you may appeal. To do so you must put your appeal in writing and send it within 30 days of the date of this letter to: The Principal Deputy Administrator, CMS, Room C5-16-03, 7500 Security Boulevard, Baltimore, Maryland 21244-1850. Please mark your envelope containing your letter of appeal "Freedom of Information Act Appeal" and enclose a copy of this letter with your appeal.

Sincerely yours,

Jay Olin
Director, Division of FOIA Analysis – C
Freedom of Information Group

Enclosure

Ex-B

Medicare Freedom of Information Group
7500 Security Blvd.
Baltimore, MD 21244

RE: FOIA Request for Billing and Payment Records

To Whom It May Concern:

In accordance with Title 5 U.S.C. § 552, I request records pertaining to the following two former durable medical supply companies:

Hi-Tech Medical Supply
10004 Bissonnett, Suite 103
Houston, Texas 77036

and

First Advantage Nursing
6065 Hillcroft, Suite 309
Houston, Texas 77081

Through wire transfer payments on specific days, for the amounts, as follows, I would like to have the records showing what products and services were paid for in each wire transfer payment below:

**********SEE NEXT PAGE**********



EX-C



Grand Jury, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals and sounds, as follows:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 37 | 3/10/04 | Wire transfer from Columbia, SC to Hi-Tech account ending 5646 at Compass Bank, Houston, TX in the amount of $16,615.19 |
| 38 | 3/31/04 | Wire transfer from Columbia, SC to First Advantage Nursing account ending 2665 at Chase Bank, Houston, TX in the amount of $19,036.36 |
| 39 | 4/5/04 | Wire transfer from Columbia, SC to Hi-Tech account ending 5646 at Compass Bank, Houston, TX in the amount of in the amount of $20,005.80 |
| 40 | 5/14/04 | Wire transfer from Columbia, SC to First Advantage Nursing account ending 2665 at Chase Bank, Houston, TX in the amount of $23,253.08 |
| 41 | 6/16/04 | Wire transfer from Columbia, SC to Hi-Tech account ending 5646 at Compass Bank, Houston, TX in the amount of $48,408.03 |
| 42 | 7/1/04 | Wire transfer from Columbia, SC to First Advantage Nursing account ending 2665 at Chase Bank, Houston, TX in the amount of $11,072.07 |
| 43 | 9/10/04 | Wire transfer from Columbia, SC to First Advantage Nursing account ending 2665 at Chase Bank, Houston, TX in the amount of $11,583.00 |
| 44 | 11/24/04 | Wire transfer from Columbia, SC to First Advantage Nursing account ending 2665 at Chase Bank, Houston, TX in the amount of $13,757.90 |



EX-C

Wire transfer from Columbia, SC to Hi-Tech account ending 5646 at Compass Bank, Houston, TX in the amount of $47,494.29

Wire transfer from Columbia, SC to Hi-Tech account ending 5646 at Compass Bank, Houston, TX in the amount of $52,229.85

:, United States Code Sections 1343 and 2.

**; FORTY-SEVEN through FIFTY-ONE**
**ring Promotion -- 18 U.S.C. § 1956(a)(1)(A)(i)**

and D of Count One of this Indictment are realleged and

:t forth herein.

ontained in Counts Two through Forty-Six of this Indictment

as though fully set forth herein.

ates set forth below, in the Houston Division of the Southern

e, the defendant

RHONDA FLEMING

own and unknown to the Grand Jury, did knowingly conduct

il transactions, affecting interstate commerce, which financial

eds of specified unlawful activity, that is, health care fraud in

I am requesting only the name of the product/service, HCPCS Code, and amount paid for each product/service. I do not require patient personal data.

Second, for the same above listed companies, please provide billing and payment records from December 1, 2013 to January 31, 2005, for the following products:

Infrared Heating Pad System, Cod E0221
Replacement Pads, Code A4639
Pressure Reducing Air Mattress, Code E0277
Lumbar Support, Code L0464
Male Vacuum Erection Systems, Code L7900

I am requesting records showing the total amount of submitted billing, minus any batches of claims rejected by Medicare due to transmission errors, and the total amount paid for these five listed products, within the 14 month period listed above.

Please certify these records because they will be used in pending litigation.

In addition, this request should be expedited due to pending litigation in 3 separate federal district courts, Texas, Florida, and Minnesota. A copy of this request is being forwarded to the appropriate U.S. Attorney's Office, and to each federal judge having jurisdiction over this matter.

Respectfully,

Rhonda Fleming
#20446-009
P.O. Box 1731
Waseca, MN 56093

EX C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent/Plaintiff, | § | |
| | § | |
| | § | CRIM. ACTION NO. H-07-513 |
| v. | § | (CIVIL ACTION NO. H-12-2799) |
| | § | |
| RHONDA FLEMING, | § | |
| | § | |
| Movant/Defendant | § | |

AFFIDAVIT

My name is Albert A. Balboni and I am an Assistant United States Attorney. I was the lead prosecutor in Criminal Action H-07-513. I was the only prosecutor working on the case pre-indictment. During that time, I did not make a plea offer regarding Ms. Fleming to either Jennifer Ahlen or Michael DeGeurin.

Albert A. Balboni, Affiant

SWORN to before me on this 29th day of January, 2014, appeared Mr. Albert A. Balboni, and stated that he read the foregoing and that the facts contained



EX-D



therein are within his personal knowledge, true and correct.

CATHERINE J. RILEY
MY COMMISSION EXPIRES
September 14, 2015

NOTARY PUBLIC FOR THE
STATE OF TEXAS

My commission expires on:
9/14/2015

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED
JAN 0 9 2009
Michael N. Milby, Clerk

UNITED STATES OF AMERICA

V. CRIMINAL ACTION: H-07-513-01

RHONDA FLEMING

MOTION FOR SUMMARY JUDGMENT

TO: Honorable Gray Miller, United States District Judge

COMES NOW, Rhonda Fleming, Defendant, pro se, submitting this Motion for Summary Judgment on Motion to Return Property, pursuant to Fed. R. Civ. Pro., Rule 12(c), Fed. Rules Cr. Proc., Rule 41 (g) and 28 U.S.C., Section 2465 or in the alternative, post-seizure evidentiary hearing, consistent with the ruling in United States v. E-Gold, Ltd., 521 F. 3d 411 (C. A. D. C. 2008). The Defendant presents the following in support:

I. Why Defendant's Property Should Be Returned.

1. Government had no valid search warrant to seize Defendant's bank accounts. The Government has no right to seize property from citizens without approval from a federal magistrate judge. The warrant for the property seized in Katy, Texas, lacked probable cause. The Defendant has already requested this evidence be suppressed.

2. The Defendant would like to retain counsel of her own choice to represent her at trial. Because all her assets have been seized, the Defendant is unable to retain counsel of her choice. The Defendant will also require expert testimony and an investigator to locate witnesses. The Defendant has the qualified right, under the Sixth Amendment, to counsel of choice.



3. The Defendant requires medical treatment which will not be provided by the detention facility. The Defendant is a pre-trial detainee and the detention facility does not provide oral surgery or psychiatric care.

4. The Defendant has one minor child which she has a duty to support. This child has been traumatized by the Defendant's arrest and is in counseling.

PRAYER FOR RELIEF

For the reasons stated above, the Defendant respectfully requests this Court grant Summary Judgment in this matter. The Defendant specifically requests:

1. All funds seized should be ordered transferred from the Seized Assets Deposit Fund, under the control of the Department of Justice and returned to the accounts in which they were seized from January 6, 2005. A copy of this Order should be sent to Compass Bank and Bank of America.

2. The Defendant requests an award of interest for 4 years based on the Seized Assets Deposit Fund rates. U.S. v. $515,060.42 in U.S. Currency, 152 F. 3d 491, 505 (6th Cir. 1998) explains it best: "If the Government seized, for example, a pregnant cow and, after the cow gave birth, the government was found not to be entitled to the cow, it would hardly be fitting that the Government return the cow but not the calf."

In the alternative, the Defendant requests an evidentiary hearing on this matter. (See, United States v. Melrose East Subdivision, 357 F. 3d 493, 498-507 (5th Cir. 2004). In preparation for a evidentiary hearing, the Defendant requests the following discovery:

1. Transcript of Warrant Hearing, January 5, 2005.

2. Copies of Medicare Fraud warrants for years 2000-2005, served by Agent Sly. And the Defendant would like to know if the warrants were returned after they were executed.

3. Receipt of Property taken from:
   - A. 802 Dominion, Suite 500, Katy, TX 77450
   - B. Bank of America—account numbers and funds seized
   - C. Compass Bank—account numbers and funds seized

Respectfully Submitted,

Rhonda Fleming, Defendant
January 7, 2009



EX-D-1

States Department of Health and Human Services (HHS), formerly known as the Health Care Financing Administration (HCFA). Individuals who received benefits under Medicare were often referred to as Medicare beneficiaries.

2. Medicare was a health care benefit program as defined by Title 18, United States Code, Section 24(b).

3. In Houston, Texas, the reimbursement rate for an infrared heating pad system (HCPCS Code E0221) was approximately $1,521.00. Medicare declared the infrared heating pad system to be a non-allowable item as of October 1, 2003 based on its determination that it had no medical value.

4. In Houston, Texas, the reimbursement rate for an infrared heating pad system replacement pad (HCPCS Code A4639) was approximately $207.00. Medicare declared the infrared heating pad system to be a non-allowable item as of October 1, 2003 based on its determination that it had no medical value.

5. In Houston, Texas, the monthly rental reimbursement rate for a power pressure reducing air mattress (HCPCS Code E0277) was approximately $546.00.

6. In Houston, Texas, the reimbursement rate for a lumbar support (HCPCS Code L0464) was approximately $880.00.

7. In Houston, Texas, the reimbursement rate for a male vacuum erection system (HCPCS Code L7900) was approximately $351.00.



Indictment page - 2

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/28/2004 | 01/04/2005 | L0464 | 10/14/2003 | 10/14/2003 | 866.18 | 4367780002 |
| 01/13/2005 | 01/13/2005 | L0464 | 10/14/2003 | 10/14/2003 | 866.18 | 4367780002 |
| 12/28/2004 | 01/04/2005 | L0464 | 10/14/2003 | 10/14/2003 | 866.18 | 4367780002 |
| 01/14/2005 | 01/14/2005 | L0464 | 10/14/2003 | 10/14/2003 | 866.18 | 4367780002 |
| | | | | | 687603.08 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/20/2004 | 12/29/2004 | A4639 | 10/14/2003 | 10/14/2003 | 206.79 | 4367780002 |
| 12/20/2004 | 12/29/2004 | A4639 | 10/14/2003 | 10/14/2003 | 206.79 | 4367780002 |
| 12/20/2004 | 12/29/2004 | A4639 | 10/14/2003 | 10/14/2003 | 206.79 | 4367780002 |
| 12/20/2004 | 12/29/2004 | A4639 | 10/14/2003 | 10/14/2003 | 206.79 | 4367780002 |
| | | | | | 178257.69 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 08/31/2004 | 09/09/2004 | E0221 | 05/20/2003 | 05/20/2003 | 1521.69 | 4367780002 |
| 08/31/2004 | 09/09/2004 | E0221 | 05/03/2003 | 05/03/2003 | 1521.69 | 4367780002 |
| 10/21/2004 | 11/01/2004 | E0221 | 08/01/2003 | 08/01/2003 | 1521.69 | 4367780002 |
| 10/21/2004 | 11/01/2004 | E0221 | 07/01/2003 | 07/01/2003 | 1521.69 | 4367780002 |
| | | | | | 25947.04 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 06/15/2004 | 06/17/2004 | L7900 | 04/22/2004 | 04/22/2004 | 351.14 | 4367780002 |
| 08/31/2004 | 09/08/2004 | L7900 | 05/03/2003 | 05/03/2003 | 316 | 4367780002 |
| 09/01/2004 | 09/09/2004 | L7900 | 05/02/2003 | 05/02/2003 | 316.03 | 4367780002 |
| 08/31/2004 | 09/09/2004 | L7900 | 05/03/2003 | 05/03/2003 | 316.01 | 4367780002 |
| 10/08/2004 | 10/08/2004 | L7900 | 05/02/2003 | 05/02/2003 | 316.03 | 4367780002 |
| | | | | | 15660.15 | |

Medicare Record of payments

Ex- E

11-7-16

Dear Clerk -

please file this new Section 2241 motion.

I am enclosing a ~~[illegible]~~ motion to proceed in forma pauperis.

Please provide the ~~[illegible]~~ case number at your convenience.

Thank You,

R [signature]

4-16CV1042-Y

Name ____________
Reg. No. ____________
Federal Medical Center, C-
P.O. Box 271??
Ft W-

Name Rhonda Fleming
Reg. No. 20446-009
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

4-16CV1042-Y




⇔20446-009⇔
U S Fed District Clerk
501 W 4TH ST
FORT Worth, TX 76102
United States

Legal Mail




FMC Carswell
P.O. Box 27066
Fort Worth, TX 76127
Mailed: 11/9/16

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. (4)