```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
           FORT WORTH DIVISION
```

RHONDA FLEMING,                §
                               §
        Petitioner,             §
                               §
v.                             § Civil Action No. 4:16-CV-1042-Y
                               §
JODY R. UPTON, Warden          §
FMC-Carswell,                  §
                               §
        Respondent.            §

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Rhonda Fleming, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas. After considering the pleadings and relief sought by Petitioner, the related briefs, and the applicable law, the Court concludes that the § 2241 petition must be dismissed for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner Rhonda Fleming was convicted in the United States District Court for the Southern District of Texas in cause number 4:07-cr-513-001 on multiple counts: conspiracy to commit health-care fraud and wire fraud, in violation of 18 U.S.C. §§ 371, 1347, and 1343 (Count 1); 36 counts of health-care fraud, and aiding abetting, in violation of 18 U.S.C. §§ 1347 and 2; ten counts of wire fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2; eight counts of money-laundering promotion, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); seven counts of money-

laundering concealment, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and five counts of engaging in money transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. (Response Appendix (App.)(doc. 9-1), at 1-5.) On January 22, 2010, the court imposed an aggregate sentence of 360 months' imprisonment and restitution in the amount of $6,294,315.46. *Id*. at 1; 6; 9.)[1]

Fleming has an extensive history of post-conviction motions and appeals. (App. (doc. 9) at 13-14.) That history includes an unauthorized successive § 2255 motion in the United States District Court for the Southern District of Texas. *Id*. at 15. On July 20, 2016, that motion was deemed to be "an implied request for authorization to file a successive petition" and was transferred to the United States court of Appeals for the Fifth Circuit for further disposition. *Id*. at 15-16. In her motion for authorization to file a successive § 2255 motion in the appellate court, Fleming asserted that she had "newly discovered evidence which proves her actual innocence, by clear and convincing evidence, due to" prosecutorial misconduct and cites *Luis v. United States,* 136 S. Ct. 1083 (2016), which she claimed is "a new rule of constitutional law" that is retroactive. *Id*. at 17. In its October 24, 2016 order denying Fleming permission to file a successive § 2255 motion, the Fifth Circuit concluded (1) that she had not made a prima facie showing that the new evidence would establish that no reasonable

---

[1]The Court will cite to the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

factfinder would have found her guilty and (2) that she failed to show that *Luis* established "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." *In re: Rhonda Fleming,* No. 16-20490 (5th Cir. Oct. 24. 2016) (citing 28 U.S.C. § 2255(h)(2)); (App.(doc.9-1) at 19-20.) Notwithstanding this ruling, just a few days later, Fleming filed the instant case seeking relief under § 2241.

## II. CLAIMS FOR RELIEF

Fleming titled her initial document a "Motion to Vacate pursuant to 28 U.S.C. § 2241 & 2255(e)", but then recites what she alleges are "new claims for relief under 28 U.S.C. § 2241." (Pet. (doc. 1) at 3.) Fleming asserts various claims regarding the validity of her criminal convictions, including a claim that the government improperly seized assets in violation of *Luis v. United States,* 136 S. Ct. 1083 (2016); a claim that she is actually innocent of the charges because she was never given complete Medicare billing and payment records during discovery; and a claim that the order of restitution exceeded the statutory maximum and was not based upon accurate records. *Id.* at 3-7. She seeks to have this Court "vacate all convictions" and return all assets seized from her. *Id.* at 7.

## III. ANALYSIS

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam)(citing

3

*Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir.2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e)(West Supp. 2017). Under this "savings clause", the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005)(per curiam).

Fleming fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of her detention. Fleming cannot rely on § 2241 merely because she already sought relief under § 2255 and may now be limited in her ability to seek relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or

4

ineffective). Moreover, the Fifth Circuit has determined that before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, petitioner Fleming has not made these showings, and a review of the grounds asserted in this § 2241 petition show that she cannot make them. The only ground listed upon which she attempt to satisfy the savings clause is her claim that she is entitled to relief under *Luis v. United States*, 136 S. Ct. 1083 (2016). Yet, Fleming does not contend that the case demonstrates that she was convicted of a nonexistent offense. Furthermore, the Fifth Circuit already issued an order rejecting Fleming's contention that the *Luis* case was made retroactive.

Accordingly, Fleming is not entitled to relief under § 2241, and this petition seeking relief under § 2241 must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385(noting that since petitioner could not satisfy the § 2255 savings clause, district court's order denying petition was vacated, and case remanded with instructions to dismiss for lack of jurisdiction).

**IV. ORDER**

For the reasons discussed herein, petitioner Rhonda Fleming's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

SIGNED January 19, 2018.

                                              /s/ Terry R. Means
                                          TERRY R. MEANS
                                          UNITED STATES DISTRICT JUDGE